UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: RESTRAINT OF ALL ASSETS HELD IN ACCOUNT NO. 4246 3492 AT CITIBANK NEW YORK, IN THE NAME OF JOSÉ RENATO GRANADO FERREIRA AND/OR BELMIRO MARTINS FERREIRA;<br><br>ALL ASSETS HELD IN ACCOUNT NUMBER 33X-05576 AT CITICORP FINANCIAL SERVICES CORPORATION IN THE NAME OF JOSÉ RENATO GRANADO FERREIRA AND/OR BELMIRO MARTINS FERREIRA;<br><br>ALL ASSETS HELD IN ACCOUNT NUMBER 4581 1915 AT CITIBANK NEW YORK, IN THE NAME OF BELMIRO MARTINS FERREIRA AND/OR JOSÉ RENATO GRANADO FERREIRA;<br><br>ALL ASSETS HELD IN ACCOUNT NUMBER 33X-05226 AT CITICORP FINANCIAL SERVICES CORPORATION IN THE NAME OF BELMIRO MARTINS FERREIRA AND/OR JOSÉ RENATO GRANADO FERREIRA. | Misc. No.:<br><br>Case: 1:08-mc-00073<br>Assigned To : Kollar-Kotelly, Colleen<br>Assign. Date : 2/14/2008<br>Description: Miscellaneous<br><br>**FILED**<br><br>FEB 1 4 2008<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

### ORDER

This matter having come before this Court on the *ex parte* application of the United States of America for a restraining order pursuant to 28 U.S.C. § 2467(d)(3)(B)(ii) which provides United States district courts with jurisdiction to enter restraining orders and take such other action in connection with any property or other interest in the United States which may be subject to forfeiture in a foreign proceeding to ensure its availability for forfeiture; and

IT APPEARING TO THE COURT THAT:

1. This Court has jurisdiction of the subject matter of this case, and pursuant to 28 U.S.C. § 2467(c)(2)(B), venue is appropriate in the United States District Court for the District of Columbia.

2. The Assistant Attorney General of the Criminal Division of the United States Department of Justice, being duly authorized, has certified that it is in the interest of justice to enforce a restraining order issued by the 6th Federal Criminal Court of Rio de Janeiro, Brazil (the "Brazilian Court"), on September 20, 2007, restraining the captioned financial accounts in the names of JOSÉ RENATO GRANADO FERREIRA ("J. Ferreira") and BELMIRO MARTINS FERRIERA ("B. Ferreira").

3. The 6th Federal Criminal Court of Rio de Janiero is a court of competent jurisdiction for such rendering restraining orders in Brazil.

4. The Brazilian restraining order applies to four accounts associated with J. Ferreira and B. Ferreira at Citibank New York and Citicorp Financial Services Corporation.

5. The restraining order issued by the Brazilian Court establishes that criminal proceedings are pending in Brazil that will likely result in the entry of a forfeiture or confiscation judgment against J. Ferreira and B. Ferreira as to the proceeds of or property involved in illegal gambling, illegal possession of gambling devices, bribery of public officials, and money laundering, which are also offenses in the United States giving rise to forfeiture authority.

6. The Governments of the United States and Brazil are parties to a mutual legal assistance treaty that creates an international legal obligation to assist one another in forfeiture matters.

2

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, PURSUANT TO 28 U.S.C. § 2467(d)(3)(B)(ii) THAT:

1. The restraining order issued by the Brazilian Court dated September 20, 2007, shall hereby be given full force and effect in the United States.

2. The Property appearing in the caption of this Order is RESTRAINED pending further of this Court.

3. All persons, including J. Ferreira and B. Ferreira, their agents, servants, employees, attorneys, family members, and those persons in active concert or participation with him, and anyone in possession of or holding any interest in the Property, be and are hereby ENJOINED AND RESTRAINED from selling, assigning, pledging, distributing, giving away, encumbering or otherwise participating in the disposal of (by transfer of stock or otherwise) or removal from the jurisdiction of this Court, any interest, direct or indirect, in the Property, without prior approval of the Court upon notice to the United States and an opportunity for the United States to be heard, except as specified in this Order and except that, in accordance with 28 U.S.C. § 2467(d)(3)(C), no person may object to this order on the grounds that it is the subject of parallel litigation involving the same Property pending in a foreign court.

4. The terms of this Order shall remain in full force and effect until the Brazilian criminal cases initiated against J. Ferreira and B. Ferreira are concluded and any forfeiture judgments obtained therein have been presented for enforcement to this Court, or said funds are sought by Brazilian authorities to be released.

5. The United States may serve a copy of the this Order on the affected financial institutions by facsimile, and pursuant to Rule 4(f) of the Federal Rules of Civil Procedure to

the extent applicable, shall provide a copy of the Court's Order upon any identifiable persons holding any legal interest in the Property, including: J. FERREIRA and B. FERREIRA.

6. The affected financial institutions shall disclose to the United States the exact amounts on deposit or the approximate market value of any assets not held in currency on the date the assets are frozen by the financial institution, or at any time thereafter when requested to do so by the United States as long as this Order remains in place.

8. The affected financial institutions shall provide the United States a statement of account monthly as long as this Order remains in place.

Dated this 14th day of February 2008.

*[signature: Colleen Kollar-Kotelly]*

UNITED STATES DISTRICT JUDGE
United States District Court for the
District of Columbia